UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KRISTINE PARKER, on behalf of herself, individually,
and on behalf of all others similarly-situated,

                            Plaintiff,

    -against-

THE TJX COMPANIES, INC.,

                            Defendant.
------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.: 18-cv-4582**

**Jury Trial Demanded**

KRISTINE PARKER ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against THE TJX COMPANIES, INC. ("TJX" or "Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon Defendant's willful violations of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant - - a corporation that owns several chains of national retail stores, such as TJ-Maxx, Marshalls, and Home Goods - - first as a part-time merchandise associate at one of its TJ-Maxx stores located on Staten Island from October 10, 2011 until October 2014, and then as a full-time "coordinator" from November 2014 until December 8, 2016. As described below, during the entirety of her time working for Defendant as a coordinator, ("the Relevant Time Period"), Defendant required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours per week. However, at many times during the Relevant Time Period, Defendant required Plaintiff to perform off-the-clock work during her forty-five minute lunch break each day. Moreover, when Defendant required Plaintiff to work the closing shift - - from 2:00 p.m. until 10:00 p.m. - - Defendant similarly required Plaintiff to perform off-the-clock work for between fifteen and thirty minutes helping a store manager or an assistant store manager with any task needed to close the store. Defendant did not pay Plaintiff at any rate of pay for this off-the-clock work, and thus not at her overtime rate for these many hours of work per week that were over forty hours, in violation of both the FLSA and the NYLL.

3. Furthermore, Defendant violated the NYLL by failing to provide Plaintiff with accurate wage statements on each payday during the Relevant Time Period, as the wage statement with which Defendant provided Plaintiff did not contain her off-the-clock hours.

4. Defendant paid and treated all of its coordinators who worked for Defendant in any of its Staten Island, New York, TJ-Maxx store locations, as well as, at least, at two of its New Jersey TJ-Maxx store locations as identified below, in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations

period who suffered damages as a result of Defendant's willful violations of the FLSA. Plaintiff brings her claims under the NYLL on behalf of herself, individually, and on behalf of any New York-based "FLSA Plaintiff," as that term is defined below, that opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who worked for Defendant in New York and who suffered damages as a result of Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all times during the Relevant Time Period, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10. At all times during the Relevant Time Period, Defendant was and is a Delaware corporation with its principal place of business located at 770 Cochituate Road, Framingham, Massachusetts 01701.

11. At all times during the Relevant Time Period, Defendant was an "employer" within the meaning of the FLSA and the NYLL. Additionally, Defendant's qualifying annual business exceeds $500,000.00, and Defendant is engaged in interstate commerce within the meaning of the FLSA as it is incorporated in Delaware, headquartered in Massachusetts, and it does business in several other states, including New York and New Jersey, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendant, who during the applicable FLSA limitations period, performed any work for Defendant as a coordinator at any of Defendant's TJ-Maxx Staten Island, New York locations, as well as its stores located at 561 Trenton Freeway, Edison, New Jersey 08817, and at 3371 US Highway 1, Lawrenceville, New Jersey 08648, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

13. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all times during the relevant FLSA statutory period, Defendant was aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one

4

and one-half times their respective regular rates of pay for all hours worked each week over forty, yet it purposefully and willfully chose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly-situated, who during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

17. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joiner is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

18. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former coordinators who, during the relevant New York statutory period, performed any work for Defendant as a coordinator at any of Defendant's TJ-Maxx Staten Island, New York locations ("Rule 23 Plaintiffs").

Numerosity

19. Within the last six years Defendant has, in total, employed at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

20. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendant required and requires Rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) the hours that Defendant required and requires Rule 23 Plaintiffs to work each week; (4) whether Defendant paid, and pays, Rule 23 Plaintiffs overtime wages at time and one half their respective regular rates of pay for all hours worked over forty in a week; (5) whether Defendant failed, and fails, to furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (6) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (7) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and NYCCRR; and (8) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

21. As described in the "Background Facts" section below, Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and NYCCRR. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant in New York, and Defendant did not pay them overtime pay for all hours worked in a week over forty, nor did Defendant furnish them with proper wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same

statutory rights under the NYLL and NYCCRR to be paid all of their earned overtime wages and to be furnished with accurate wage statements on each payday. Plaintiff and Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and NYCCRR. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

<u>Adequacy</u>

22. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendant during the Relevant Time Period. During that time, Defendant regularly failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate of pay for all hours worked over forty each week and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how the Defendant paid and treated and pays and treats the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendant's Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

23. Additionally, Plaintiff's attorneys have substantial experience in this area of law.

<u>Superiority</u>

24. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the

Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by any coordinator of Defendant who worked or works at one of Defendant's Staten Island, New York TJ-Maxx locations would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

27. Defendant TJX operates several chains of retail stores on a nation-wide basis, including the chain of stores known as TJ-Maxx. One such TJ-Maxx store that it owns and operates is located at 2530 Hylan Boulevard, Staten Island, New York 10306 ("Hylan Blvd. location").

28. In addition to the Hylan Blvd. location, Defendant TJX also operates TJ-Maxx stores at 1509 Forest Ave, Staten Island, New York 10302 ("Forest Ave. location"), and 245 Bricktown Way, Staten Island, New York 10309 ("Bricktown Way location").

29. Plaintiff worked for Defendant at its Hylan Blvd. location first from October 10, 2011 until October 2014 as a part-time merchandise associate, and then from November 2014 until December 8, 2016 as a full-time coordinator, at which time she went out on medical leave and was eventually terminated on November 20, 2017.

30. As a coordinator, Plaintiff's duties included, but were not limited to, assisting with the management of day-to-day operations of the store. Nonetheless, Defendant paid Plaintiff on an hourly basis.

31. Throughout the Relevant Time Period, Plaintiff's workweeks varied. That is, during that time, Defendant required Plaintiff to work, and Plaintiff did work, five or six days per week, in shifts of eight-to-ten hours per day, for a total of between 42.25 hours and 54.90 hours per week.

32. Specifically, Plaintiff typically worked the following shifts: 6:00 a.m. until 3:00 p.m.; 7:00 a.m. until 4:00 p.m.; 8:00 a.m. until 5:00 p.m.; 12:00 p.m. until 8:00 p.m.; or the closing shift of 2:00 p.m. until 10:00 p.m.

33. Plaintiff was supposed to receive a forty-five-minute lunch break during each shift, but during her so-called break each day, Defendant routinely required Plaintiff to spend up to forty-five minutes working off-the-clock by helping customers, cleaning the store, and moving merchandise. Defendant expressly forbade Plaintiff from clocking in while performing this work during her breaks.

34. Additionally, when Plaintiff worked the closing shift - - from 2:00 p.m. until 10:00 p.m. - - Defendant required Plaintiff to spend anywhere between fifteen to thirty minutes, after Plaintiff had clocked out at the end of her shift, helping a store manager or an assistant store manager with any task needed to close the store.

35. Plaintiff, as a full-time coordinator, regularly interacted with the Hylan Blvd. location store managers as part of her day-to-day duties. In doing so, Plaintiff worked with store managers who had transferred to the Hylan Blvd. location from the Forest Ave. location and the Bricktown Way location, as well as from TJ-Maxx stores located at 561 Trenton Freeway, Edison, New Jersey 08817, and at 3371 US Highway 1, Lawrenceville, New Jersey 08648. In her interactions with these store managers, Plaintiff learned that at each of those locations,

Defendant required its coordinators to work off-the-clock hours just as Defendant required Plaintiff and the other coordinators working at the Hylan Blvd. location to do.

36. Plaintiff's regular hourly rates of pay were as follows: $9.62 per hour from November 2014 until May 2015; $9.91 per hour from June 2015 until May 2016; and $10.46 per hour from June 10, 2016 until December 8, 2016. Defendant paid Plaintiff at her regular rate for her hours worked each week over forty and time and one-half her regular rate for some of her hours worked over forty each week. Defendant, however, paid Plaintiff nothing for her time spent working off-the-clock during either her forty-five-minute lunch break each shift or after she clocked out at the end of her closing shift, which amounted to between approximately three and six hours of unpaid work per week.

37. By way of example only, during the week of November 29 to December 5, 2015, Defendant paid Plaintiff for forty hours at the rate of $9.91 per hour and for 5.48 hours at the overtime rate of $14.87 per hour. Yet - - including her five forty-five-minute lunch breaks - - Defendant required Plaintiff to work and Plaintiff did in fact work for a total of 48.18 hours that week. Defendant paid Plaintiff nothing - - and therefore not one and one-half her regular rate of pay - - for any hours worked beyond her first 45.48 hours that week.

38. By way of second example only, during the week of December 6 through December 12, 2015, Defendant paid Plaintiff for forty hours at the rate of $9.91 per hour and .30 hours at the overtime rate of $14.87 per hour. Yet - - including her five forty-five-minute lunch breaks - - Defendant required Plaintiff to work and Plaintiff did in fact work for a total of forty-three hours that week. Defendant paid Plaintiff nothing - - and therefore not one and one-half her regular rate of pay - - for any hours worked beyond her first 40.30 hours that week.

39. Defendant paid Plaintiff on a weekly basis.

40. On each occasion when Defendant paid Plaintiff during the Relevant Time Period, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, Plaintiff's actual hours worked for that workweek or her accurate overtime rates of pay for all hours worked, as the wage statement with which Defendant provided Plaintiff did not account for Plaintiff's off-the-clock work as detailed herein.

41. Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described above.

42. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

43. Defendant acted in the manner described herein so as to minimize its overhead and labor costs while maximizing its profits.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the FLSA*

44. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

46. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

47. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

48. Defendant willfully violated the FLSA.

49. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

50. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the NYLL and the NYCCRR*

51. Plaintiff, Rule 23 Plaintiffs, and any New York-based FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

53. As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any New York-based FLSA Plaintiff that opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

54. As also described above, Plaintiff, Rule 23 Plaintiffs, and any New York-based FLSA Plaintiff that opts-in to this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

55. Plaintiff, Rule 23 Plaintiffs, and any New York-based FLSA Plaintiff that opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

56. Plaintiff, Rule 23 Plaintiffs, and any New York-based FLSA Plaintiff that opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

57. Plaintiff, Rule 23 Plaintiffs, and any New York-based FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

59. As described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any New York-based FLSA Plaintiff that opts-in to this action, with accurate wage statements containing all of the criteria required under the NYLL.

60. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any New York-based FLSA Plaintiff that opts-in to this action, in the amount of $100 for each workweek after the violation occurred, up to the statutory cap of $2,500.

61. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any New York-based FLSA Plaintiff that opts-in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

62. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participating in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

  g. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

  h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  j. Pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: August 14, 2018
   Great Neck, New York

            Respectfully submitted,

            BORRELLI & ASSOCIATES, P.L.L.C.
            *Attorneys for Plaintiff*
            1010 Northern Boulevard, Suite 328
            Great Neck, New York 11021
            Tel. (516) 248-5550
            Fax. (516) 248-6027

            _____
            ALEXANDER T. COLEMAN, ESQ (AC 8151)
            MICHAEL J. BORRELLI, ESQ (MB 8533)