UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KRISTINE PARKER,

                            Plaintiff,

                -against-                            **ORDER**
                                                                   18 CV 4582 (ENV) (CLP)

THE TJX COMPANIES, INC.,

                            Defendant.
------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

       On August 14, 2018, plaintiff Kristine Parker ("plaintiff") filed this action against defendant The TJX Companies, Inc. ("defendant"), seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq., as well as for violations of the record-keeping provisions under the NYLL. On January 22, 2019, the parties consented to the undersigned for the purpose of this motion.

       On January 18, 2019, the parties appeared before this Court having reached a settlement of this matter, the terms of which were set forth on the record during the proceeding to approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct 824 (2016).

       For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a corporation that owns several chains of national retail stores, such as TJ-Maxx, Marshalls, and Home Goods. (Compl.[1] ¶ 2). Plaintiff Parker was employed by defendant as a part-time merchandise associate at one of its TJ-Maxx stores from October 10, 2011 until October 2014. (Id.) Thereafter, she worked as a full-time coordinator for defendant from November 2014 until December 8, 2016, assisting with the management of day-to-day operations. (Id. ¶¶ 29, 30). Plaintiff alleges that she was not paid one and one-half times her hourly wage for hours worked during a single week in excess of 40 hours. (Id. ¶ 2). Specifically, plaintiff claims that she was required to perform work off the clock during her forty-five-minute lunch break and when closing the store. (Ltr.[2] at 2-3). She estimates that she worked an average of four and a half hours of unpaid overtime each week. (Id. at 3). She also claims that defendants failed to provide proper wage statements. (Compl. ¶ 3).

The parties reached a settlement for a total of $14,539.24, of which plaintiff's counsel would receive $5,113.08 in fees and costs, with plaintiff receiving the remaining $9,426.16. (Ltr. at 2).

For the reasons set forth below, the Court approves the settlement agreement as fair and reasonable.

DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on August 14, 2018, ECF No. 1.
[2] Citations to "Ltr." refer to the parties' letter, filed on December 28, 2018, ECF No. 17.

2

statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

2. Settlement Terms

The Court finds that the terms of the Settlement Agreement are fair and reasonable. There is no confidentiality provision, non-disparagement provision, or general release.

3. Settlement Amount

The parties propose a total settlement amount of $14,539.24. (Ltr. at 2). In reaching this settlement, plaintiff acknowledges that there were a number of issues that, depending on how they were resolved, could adversely affect her ability to recover. Specifically, defendant denies

3

any wrongdoing, and argues that it had a policy expressly forbidding employees from working off the clock. (Id. at 3). Defendant maintains that if plaintiff did perform any off-the-clock work, such work constituted "*de minimis*," isolated incidents that occurred without the knowledge or approval of her supervisors. (Id.)

In analyzing the reasonableness of the total settlement amount, the Court also considered plaintiff's calculation that she is entitled to $9,426.16 in unpaid wages and liquidated damages. (Id. at 4). Plaintiff therefore asserts that she is receiving "100% of the maximum amount that she could potentially recover under the FLSA," a result that plaintiff characterized as "exceptional." (Id.)

With respect to plaintiff's counsel's request for fees, plaintiff's counsel requests one third of the net settlement amount, or $4,713.08. (Id. at 6). Plaintiff's counsel also requests $400 in costs for the filing fee, for a total of $5,113.16. (Id.) At the fairness hearing, plaintiff's counsel indicated that counsel accrued fees and costs of more than $10,000 in this case. (Id.) Upon reviewing the parties' submission, the Court finds the request for attorney's fees and costs is reasonable.

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also finds that the attorneys' fees are reasonable based on the contingency fee percentage supported by case law in

this district, and the lodestar crosscheck. Moreover, the Court is sufficiently familiar with the proceedings in this action to assess the fairness of the settlement, having supervised discovery.

The parties shall file a stipulation of dismissal with prejudice by **February 25, 2019**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

    **SO ORDERED**.

Dated:  Brooklyn, New York
         January 25, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York